DB:MSA/SB-SDNY
F#2007R00569

**M09-0949**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     AFFIDAVIT IN SUPPORT OF
                                   <u>APPLICATION FOR ARREST WARRANT</u>
          - v. -             :

PATRICK NAYYAR,              :

          Defendant.         :

- - - - - - - - - - - - - - - x

EASTERN DISTRICT OF NEW YORK, SS:

      MICHAEL D. KELLEY, being duly sworn, deposes and says that he is a Special Agent with Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      Upon information and belief, there is probable cause to believe that, from on or about and between August 3, 2009 and August 5, 2009, in the Eastern District of New York and elsewhere, PATRICK NAYYAR, the defendant unlawfully, willfully, and knowingly, being an alien who is illegally and unlawfully in the United States, did possess in and affecting commerce a firearm, to wit, a Colt Delta Elite Auto Handgun, and ammunition, to wit, 48 Winchester, 10mm, automatic, subsonic, 180 grain, jacketed hollow point bullets, which previously had been shipped and transported in interstate and foreign commerce.

      (Title 18, United States Code, Section 922(g)(5).)

The source of your deponent's information and the grounds for his belief are as follows:

1.  I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal knowledge, my conversations with law-enforcement agents and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2.  Based on my conversations with a confidential source[1] ("CS-1"), and my review of recordings of consensually monitored conversations in which CS-1 participated, I have learned the following in substance and in part:

    a.  On or about August 1, 2009, CS-1 was equipped with a body recording device and consensually recorded his/her conversations with PATRICK NAYYAR, the defendant, and another

---

[1] CS-1 is an informant for the FBI who has provided reliable information to the FBI during this investigation and on other investigations. Much of the information supplied by CS-1 in this investigation has been independently corroborated by meetings between PATRICK NAYYAR, the defendant, and CS-1, and which were recorded and surveilled by agents of the FBI.

2

individual ("Individual-1"). On that date, CS-1 met with NAYYAR and Individual-1 at a specific location in Queens, New York. NAYYAR stated to CS-1 that he had a gun that he could sell to CS-1 for $900.00.

   b. On or about August 3, 2009, CS-1 was equipped with a body recording device and consensually recorded his/her conversations with PATRICK NAYYAR, the defendant. On that date, CS-1 met with NAYYAR, Individual-1, and another individual whom NAYYAR identified as his mother ("Individual-2") at a residence located at 142-02 Franklin Avenue, Apartment 2B, Flushing, New York ("Residence-1"). NAYYAR told CS-1 that Residence-1 was NAYYAR's mother's apartment. After entering Residence-1, NAYYAR told Individual-2, to bring a gun from her bedroom to show to CS-1. Individual-2 went into another room in Residence-1, and returned with a black handgun. Both NAYYAR and CS-1 held the black handgun. While at Residence-1, NAYYAR also provided CS-1 with a box of bullets, the packaging of which contained, among other things, the words "For Law Enforcement Use Only, Not for Retail Sale."

   e. On or about August 5, 2009, CS-1 was equipped with a body recording device and consensually recorded his/her conversations with PATRICK NAYYAR, the defendant. On that date, CS-1 met with NAYYAR and two other individuals at Residence-1, where NAYYAR gave CS-1 a black handgun and a box of ammunition.

CS-1 paid NAYYAR $900.00 in exchange for the black handgun. CS-1 paid NAYYAR $100.00 for the box of ammunition.

3. Based on my conversations with other law enforcement personnel, my conversations with CS-1, and my examination of the firearm that CS-1 obtained from PATRICK NAYYAR, the defendant, I have learned that the black handgun purchased from NAYYAR is a Colt Delta Elite 10mm Auto Handgun with one magazine in the magazine chamber. The gun is black with serial number DE17613.

4. Based on my conversations with other law enforcement personnel, my conversations with CS-1, and my examination of the box of ammunition that CS-1 obtained from PATRICK NAYYAR, the defendant, I have learned that the box contained 48 Winchester, 10mm, automatic, subsonic, 180 grain, jacketed hollow point bullets. The box was labeled "For Law Enforcement Use Only, Not for Retail Sale."

5. I have spoken with a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE") who has examined ICE records pertaining to an individual named "Patrick Nayyar," who is not a citizen of the United States. From that conversation, I learned the following information:

    a. NAYYAR is a citizen of India and never has been a citizen of the United States.

    b. NAYYAR initially filed an Application for Temporary Resident Status on or about February 18, 1988.

    c. Citizenship and Immigration Services ("CIS") ultimately denied NAYYAR's Application for Temporary Resident Status on or about September 21, 2006. NAYYAR has not filed any applications with CIS since September 21, 2006, and does not have legal immigration status.

  6. I have obtained a photograph from the ICE records pertaining to "Patrick Nayyar," which I have compared against known photographs of PATRICK NAYYAR, the defendant, including photographs obtained during surveillance in this investigation. Based on my review of those photographs, the "Patrick Nayyar" depicted in the ICE photograph and PATRICK NAYYAR, the defendant, appear to be the same person.

  7. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF agent familiar with the origin and history of firearms and ammunition, and their movement in interstate commerce, I know that a Colt Delta Elite 10mm Auto Handgun and Winchester, 10mm,

automatic, subsonic, 180 grain, jacketed hollow point bullets are not and have never been manufactured in the State of New York.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of PATRICK NAYYAR, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

MICHAEL D. KELLEY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
23rd

UNITI
EASTI